ANDREW D. HEROLD, ESQ., SBN 178640
aherold@heroldsagerlaw.com
JOSHUA A. ZLOTLOW, ESQ., SBN 211399
jzlotlow@heroldsagerlaw.com
EMILY G. COTTRELL, ESQ., SBN 239233
ecottrell@heroldsagerlaw.com
KYLIE J. TOY, ESQ., SBN 344596
ktoy@heroldsagerlaw.com
HEROLD & SAGER
550 Second Street, Suite 200
Encinitas, CA  92024
Telephone: (760) 487-1047
Facsimile: (760) 487-1067

Attorneys for Plaintiff/Counterdefendant AIG SPECIALTY INSURANCE COMPANY

JEFFREY D. MASTERS, ESQ., SBN 94122
jeff.masters@ndlf.com
ALAN H. PACKER, ESQ., SBN 124724
alan.packer@ndlf.com
ANNE J. KELLEY, ESQ., SBN 168217
anne.kelley@ndlf.com
HARLYE S. CARLTON, ESQ., SBN 261641
harlye.carlton@ndlf.com
NEWMEYER & DILLION, LLP
895 Dove Street
Newport Beach, CA 92660
Tel.: (949) 854-7000
Fax.: (949) 854-7099

Attorneys for Defendant and Counterclaimants TAYLOR MORRISON OF CALIFORNIA, LLC and TAYLOR MORRISON SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, | CASE NO. 2:23-CV-05533-KK-RAO <br><br> **DISCOVERY MATTER** |

4688.197 / 16674742.1

1

STIPULATION RE: CONFIDENTIALITY AND REQUEST FOR STIPULATED PROTECTIVE ORDER

CASE NO.: 2:23-CV-05533-KK-RAO

v.

TAYLOR MORRISON OF CALIFORNIA, LLC, a California LLC, and TAYLOR MORRISON SERVICES, INC., a Delaware corporation,

Defendants.

TAYLOR MORRISON OF CALIFORNIA, LLC, a California LLC, and TAYLOR MORRISON SERVICES, INC., a Delaware corporation,

Counterclaimants,

v.

AIG SPECIALTY INSURANCE COMPANY, an Illinois corporation

Counterdefendant.

**STIPULATION RE: CONFIDENTIALITY AND REQUEST FOR STIPULATED PROTECTIVE ORDER**[1]

Complaint Filed: July 10, 2023

**IT IS HEREBY STIPULATED** by, between, and among Plaintiff and Counterdefendant AIG SPECIALTY INSURANCE COMPANY, an Illinois corporation ("AIG Specialty") and Defendants and Counterclaimants TAYLOR MORRISON OF CALIFORNIA, LLC, a California LLC and TAYLOR MORRISON SERVICES, INC., a Delaware corporation (collectively, "Taylor Morrison"), (collectively, the "Parties"), by and through their counsel of record:

/ / /

/ / /

---

[1] . This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

4688.197 / 16674742.1

2

## 1. PURPOSE AND LIMITATIONS

Discovery in this Action will involve production of confidential, proprietary and/or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Stipulated Protective Order" or "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. GOOD CAUSE STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the Court to issue an order to protect the confidentiality of privileged, proprietary, sensitive, and commercially valuable documents and information, including documents contained in litigation files, claim files, underwriting files, and insurance broker files maintained by the Parties and/or their attorneys or agents. Claim files, underwriting materials, insurance broker materials, and litigation files concern information including, among others: (1) privileged communications between a lawyer and client and/or material protected by the work product doctrine; (2) materials prepared by an attorney in preparation for litigation; (3) confidential settlement material; (4) proprietary or confidential business or financial information; (5) information regarding confidential business practices; (6) information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law; and (7) trade secrets. These categories of information could, if disclosed to the public without proper restriction, cause competitive and other harm to the Parties and compromise their private business interests and could reveal privileged information.

/ / /

First, this Action is likely to involve information that is protected by the attorney-client privilege and/or the work product doctrine. Such privileged materials, information, and documents may be included in litigation and claim files and consists of, among others, privileged communications between Taylor Morrison and its counsel and AIG Specialty and its counsel, as well as privileged communications between counsel for Taylor Morrison, Taylor Morrison and AIG personnel relating to the underlying Level 1 Action.  Such information includes,, but is not limited to, status reports and updates, privileged and confidential settlement communications and materials, notes and analyses outlining litigation strategy in the underlying litigation, liability issues, factual claims, and other communications that may be privileged. Certain information included in the litigation and claim file documents is privileged, generally unavailable to the public, and may otherwise be protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Second, this Action is likely to involve information contained in underwriting files and insurance broker files that may include confidential business and financial information, information regarding confidential business practices, proprietary underwriting information, protected information regarding business projections, costs and profits, and similar information. Such confidential and proprietary materials, information, and documents included in underwriting files and insurance broker files may include, but is not limited to, documents related to obtaining, negotiating and binding the insurance policies at issue and the underwriting of the insurance policies at issue, including confidential financial business information, confidential commercial information, proprietary and confidential business plans, projections, costs and profit information and proprietary, nonpublic, competitive information with respect to Taylor Morrison's financial information and business operations and the pricing of the insurance policies, for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Certain of the above-described information included in the underwriting files and

related underwriting communications and documents and included in the insurance broker files and related communications and documents are generally not available to the public and may be confidential and/or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

**3.**     **ACKNOWLEDGMENT OF UNDER SEALING PROCEDURE**

The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu,* 447 F.3d 1172,1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*,

STIPULATION RE: CONFIDENTIALITY AND REQUEST                    CASE NO.: 2:23-CV-05533-KK-RAO
FOR STIPULATED PROTECTIVE ORDER

187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause of compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a Party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4.**     **DEFINITIONS**

4.1     Action: this pending federal lawsuit.

4.2     Level One Action: the related underlying lawsuit entitled *Level 1 Community Association v. Taylor Morrison of California, LLC, et al.*, JAMS Ref No. 1200057934, Arbitrator Nancy Wieben-Stock (Ret.).

4.3    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.4    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

4.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9    Final Disposition: the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or review of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.10    House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.11    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.12    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

4.13    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

4.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 5.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial, however, the procedures set forth in section 6 below shall be followed if either Party seeks to use Protected Material at trial of the Action.

/ / /

4688.197 / 16674742.1                                                8

STIPULATION RE: CONFIDENTIALITY AND REQUEST                    CASE NO.: 2:23-CV-05533-KK-RAO
FOR STIPULATED PROTECTIVE ORDER

## 6. **DURATION**

The Parties agree that after the close of discovery and after Final Disposition of this litigation, as defined in section 4, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court will retain jurisdiction to enforce this Order after the conclusion of the Action.

Further, the Parties agree to meet and confer in good faith prior to the filing of any motions in the Action and prior to the trial of the Action to indicate in writing which Protected Material, or portions thereof, they intend to use in a motion or at trial of the Action that any other Party or Non-Party has designated as Confidential pursuant to this Stipulated Protective Order, and to determine whether the other Party or Designating Party agrees that such Protected Material may be used without being deemed Confidential, or whether the other Party or Designating Party requires that such Protected Material remain Confidential and/or will move to have such Protected Material filed under seal or in a confidential manner. The meet and confer shall take place within a reasonable time prior to the motion in the Action or trial of the Action, such that in the event of disagreement over whether Protected Material should continue to be marked as Confidential, the Party or Non-Party who marked the Protected Material as Confidential shall have sufficient time prior to the filing of the motion or prior to trial to file an application to seal the Protected Material pursuant to Civil Local Rule 79-5 or to address confidentiality issues with the Court prior to use of the Protected Material in support of a motion in the Action or trial of the Action. This provision does not limit the Parties' ability to request use of Protected Material at trial of the Action, on condition that the procedures set forth in this paragraph are followed, to request that the Court deem any Protected Material confidential at trial of this Action or to file an application to seal pursuant to Civil Local Rule 79-5.

Further, the Parties agree that documents produced in this Action may be used in the matter entitled *Taylor Morrison of California, LLC, et al. v. AIG Specialty*

4688.197 / 16674742.1                                        9

STIPULATION RE: CONFIDENTIALITY AND REQUEST                 CASE NO.: 2:23-CV-05533-KK-RAO
FOR STIPULATED PROTECTIVE ORDER

*Insurance Company, et al.*, Santa Clara County Superior Court Case No. 24CV453335, and that the Parties will enter into a substantially similar Stipulated Protective Order in that case to govern the production and use of Protected Material that is produced in this Action.

**7.    DESIGNATING PROTECTED MATERIAL**

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, provided, however, that any deposition testimony and deposition exhibits referencing documents previously marked with a "CONFIDENTIAL" legend shall be deemed CONFIDENTIAL without further action.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

/ / /

7.3    Inadvertent Failures to Designate. Upon discovery of an inadvertent failure to designate qualified information or items as Protected Material, a Party or Non-Party may correct the designation within a reasonable period of time after the discovery, with such correction to be provided in writing to all Parties.  If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation in writing to all Parties, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

8.3    Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.    ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Expert (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

4688.197 / 16674742.1                                      13

not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expenses of seeking protection in the Court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided in by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court. Nothing in this Stipulated Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party or Non-Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection under applicable authorities.

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.   FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in section 4, within 60 days of a written request by the Designating Party, each Receiving Party with the exception of AIG Specialty must return all Protected Material to the Propounding Party or destroy such material; AIG Specialty shall make all reasonable efforts to remove and return all Protected Material to the Propounding Party or destroy such material and shall take all reasonable efforts to maintain the confidentiality of all Protected Material it is unable to return or destroy.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel and AIG Specialty are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition

4688.197 / 16674742.1                    17

STIPULATION RE: CONFIDENTIALITY AND REQUEST          CASE NO.: 2:23-CV-05533-KK-RAO
FOR STIPULATED PROTECTIVE ORDER

and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Materials. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 6 (DURATION).

### 15.   **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: February 3, 2026                    HEROLD & SAGER

                                           */s/ Emily G. Cottrell*
                                           ANDREW D. HEROLD, ESQ.
                                           JOSHUA A. ZLOTLOW, ESQ.
                                           EMILY G. COTTRELL, ESQ.
                                           KYLIE J. TOY, ESQ.
                                           Attorneys for Plaintiff and Counter-
                                           Defendant AIG SPECIALTY INSURANCE
                                           COMPANY

DATED: February 3, 2026                    NEWMEYER & DILLION, LLP

                                           */s/ Anne J. Kelley*
                                           JEFFREY D. MASTERS, ESQ.
                                           ALAN H. PACKER, ESQ.
                                           ANNE J. KELLEY, ESQ.
                                           HARLYE S. CARLTON, ESQ.
                                           Attorneys for Defendant/ Counterclaimants
                                           TAYLOR MORRISON OF CALIFORNIA,
                                           LLC and TAYLOR MORRISON
                                           SERVICES, INC

## ATTESTATION OF E-FILED SIGNATURE

I, Emily Cottrell, attest that all signatories listed above have read and approved this stipulation and consent to the filing of same in this action.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____2/3/2026_____

Hon. Rozella A. Oliver

United States Magistrate Judge

STIPULATION RE: CONFIDENTIALITY AND REQUEST                    CASE NO.: 2:23-CV-05533-KK-RAO
FOR STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *AIG Specialty Insurance Company v. Taylor Morrison of California and Taylor Morrison Services, Inc.*, 2:23-CV-05533-KK-RAO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4688.197 / 16674742.1                                20

STIPULATION RE: CONFIDENTIALITY AND REQUEST                CASE NO.: 2:23-CV-05533-KK-RAO
FOR STIPULATED PROTECTIVE ORDER